IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTY PASINSKY,<br><br>  Plaintiff,<br><br>vs.<br><br>ABN AMRO MORTGAGE GROUP, INC., USAA FEDERAL SAVINGS BANK, CITIMORTGAGE INC., PENNYMAC LOAN SERVICES LLC, JOHN DOES I AND II, and JOHN DOES 3 through 10, inclusive,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:11-CV-399 TS |

This matter is before the Court on Motions to Dismiss filed by Defendants PennyMac Loan Services, LLC ("PennyMac"), CitiMortgage, Inc. ("CitiMortgage"), and CitiMortgage as successor by merger to ABN AMRO Mortgage Group, Inc ("ABN").[1]  For the reasons discussed below, the Court will grant Defendants' Motions.

---

[1] Plaintiff has failed to respond to the Motion to Dismiss filed by Defendant CitiMortgage and the time for doing so has expired.

1

I. BACKGROUND

On June 30, 2005, Plaintiff Christy Pasinsky obtained a refinance mortgage loan in the amount of $800,000 from ABN. Plaintiff also obtained a second loan from USAA Federal Savings Bank.[2] Both Notes were secured by Deeds of Trust recorded against real property located in Park City, Utah (the "Property").

Plaintiff began having trouble making loan payments approximately two years ago. Plaintiff requested a loan modification, which was ultimately denied. When Plaintiff failed to bring her loan current, foreclosure proceedings were initiated.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[4] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5] But, the court "need not accept . . . conclusory allegations without supporting factual

---

[2] Defendant USAA Federal Savings Bank has been dismissed by stipulation. Docket No. 22.

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *GFF Corp.*, 130 F.3d at 1384.

averments."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[9]

### III. DISCUSSION

A. DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that Defendants have no right to foreclose on the Property. In support of this claim, Plaintiff argues that Defendants lost any interest in the note as a result of the securitization of this note. This Court, however, has repeatedly rejected such securitization arguments and Plaintiff provides no reason for the Court to reconsider this claim.

---

[6]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[9]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

Additionally, the Utah Court of Appeals has recently reached the same conclusion on the securitization issue.[10] Based on this precedent, the Court rejects Plaintiff's securitization arguments.

Seeking to avoid dismissal, Plaintiff ignores the securitization allegations of her Complaint and advances a new argument. In her Memorandum in Opposition to PennyMac's Motion to Dismiss, Plaintiff takes issue with an alleged defect in her loan documents. This allegation, however, cannot be found in her Complaint. As such, Plaintiff cannot raise this claim for the first time in her Opposition. Therefore, the Court finds that dismissal of Plaintiff's claim for declaratory judgment to be proper.

B.      QUIET TITLE

Plaintiff requests the Court quiet title to the Property in her favor. Plaintiff's quiet title claim is based on the allegation that the "Trust Deeds and Notes were intentionally separated by assignment of the respective trust deeds without assignment of the Notes during the securitization process" and "[s]ubsequent to securitization of the Plaintiff's Notes, ABN, USAA, and Citi have no interest in the Subject Property."[11] This is simply a restatement of the securitization claim contained in Plaintiff's claim for declaratory judgment. For the same reason set forth above, this claim fails.

---

[10]*Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

[11]Docket No. 1, Ex. 1, ¶¶ 114-15.

C.   NEGLIGENT MISREPRESENTATION

"Under Utah law, to prove negligent misrepresentation several elements must be shown: (1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a "careless or negligent misrepresentation of a material fact," (3) the defendant "had a pecuniary interest in the transaction," (4) the defendant "was in a superior position to know the material facts," and (5) the defendant "should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation."[12]

Because negligent misrepresentation constitutes a form of fraud,[13] the requirements of Fed.R.Civ.P. 9(b) apply even though the claim is not technically a claim for fraud.[14] Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud"[15] and this particularity requirement is not met by a mere recitation of the elements of fraud or by conclusory allegations that are not supported by relevant facts.[16]

The allegations in Plaintiff's Complaint fail to meet the particularity requirement. Plaintiff simply alleges that Citi "repeatedly supplied false information to the Plaintiff with

---

[12]*Mitchell v. Smith*, 2010 WL 5172906, at *8 (D. Utah Dec. 14, 2010) (quoting *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986)).

[13]*See Atkinson v. IHC Hosps. Inc.,* 798 P.2d 733, 737 (Utah 1990).

[14]*See Coroles v. Sabey*, 79 P.3d 974 (Utah Ct. App. 2003).

[15]Fed.R.Civ.P. 9(b).

[16]*See Hoverman v. CitiMortgage*, 2011 WL 3421406, at *5 (D. Utah Aug. 4, 2011).

5

respect to her ability to qualify or obtain a loan modification."[17] This allegation is insufficient under Rule 9.

D.  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's fourth cause of action alleges that Defendant CitiMortgage breached the duty of good faith and fair dealing. Specifically, Plaintiff alleges that Defendants breached the duty by: (1) making representations and material misrepresentations concerning the status of the Note and her ability to modify the terms of the Note; (2) failing to present evidence, upon Plaintiff's request, regarding the unidentified and/or misrepresented current foreclosor's authority; and (3) failing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent for purposes of foreclosing the note.[18] The Court finds that this claim fails as a matter of law.

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[19] Plaintiffs' fourth cause of action seeks to impose new duties upon Defendant and grant Plaintiff new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties. Plaintiff's fourth cause of action, therefore, fails as a matter of law and must be dismissed.

---

[17] Docket No. 1, Ex. 1, ¶ 106.

[18] *Id.*, ¶ 125.

[19] *PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

## IV. CONCLUSION

It is therefore

ORDERED that the Motion to Dismiss filed by PennyMac (Docket No. 5) is GRANTED. It is further

ORDERED that the Motion to Dismiss filed by CitiMortgage and CitiMortgage as successor by merger to ABN (Docket No. 8) is GRANTED.

Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED   August 23, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge